# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**June 30, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**VANESSA G.,**
**Petitioner Below, Petitioner**

**v.) No. 25-ICA-413**   (Fam. Ct. Ritchie Cnty. Case No. FC-43-2021-D-46)

**RICHARD G.,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Vanessa G.[1] ("Mother") appeals the Family Court of Ritchie County's July 8, 2025, Modification Order and September 25, 2025, Order Regarding the Motion to Reconsider the Motion to Modify the Parenting Plan. Respondent Richard G. ("Father") filed a response in support of the family court's order.[2] Mother filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2004). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds error in the family court's decision but no substantial question of law. For these reasons, a memorandum decision vacating and remanding the family court's July 8, 2025, and September 25, 2025, orders is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

The parties were married in 2012 and divorced in 2022. They share two children who were born in 2015 and 2019. The parties agreed to a parenting plan as part of their 2022 final divorce order. In that parenting plan, the court allocated Mother primary custodial responsibility of the children and granted Father parenting time two to three weekends per month, specific holiday time, and two non-consecutive weeks during the summer. In May 2025, Father filed a Petition for Modification of the 2022 parenting plan, seeking to increase his parenting time with the children alleging that his change in residence and employment constituted a substantial change in circumstances warranting modification. Mother filed a response opposing Father's modification petition, asserting that Father did not allege a substantial change in circumstances.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Mother is represented by George Y. Chandler II, Esq. Father is represented by Judith A. McCullough, Esq.

On June 26, 2025, the family court held a hearing on Father's petition for modification, during which Father was the only witness who testified and was not permitted to fully present his case. Despite this, by order entered on July 8, 2025, the court granted Father's petition for modification by finding that Father's change in residence and change of employment "constitute[d] a significant change in circumstances, justifying a modification of the parenting plan" and ordered Father's parenting time increased to weekdays and one weekend per month during the summer months, and three to four weekends per month during the school year. Mother subsequently filed a motion for reconsideration of the family court's order on the grounds that the court did not grant her the opportunity to fully cross-examine Father or to present her own evidence in opposition to Father's petition. After the family court set a hearing date on Mother's motion, Father filed his own motion for reconsideration arguing that the court also denied him the opportunity to fully present his case at the June hearing.

The family court held final hearings on August 21, 2025, and September 11, 2025, on the parties' motions to reconsider the court's July 8, 2025, modification order. During those hearings, the court heard testimony and arguments from both parties regarding Father's alleged change in circumstances, the limiting factors to equal custodial allocation, and the best interests of the children. By final order entered September 25, 2025, the family court again granted Father's petition for modification. In this final order, the family court found that it had previously found that a substantial change in circumstances had occurred since the court ordered the parties' previous parenting plan, but included new findings of fact and conclusions of law. In this order, the family court found that the substantial change in circumstances warranting modification was that "the children are older and now involved in sporting events and other social groups" and that Father had "changed jobs and changed living arrangements."

Further, the family court found that, pursuant to West Virginia Code § 48-9-401(b), the parties' parenting plan had "clearly not been working as contemplated" and that it had "been manifestly harmful to the children because [Father] has used the children to continue an ongoing conflict with [Mother]." The family court also found that "[Father] uses methods of control and manipulation by excessively contacting the children and speaking to them for inappropriate periods of time on the phone and internet" and that "[Father] has been unwilling to cooperate with [Mother] regarding vacation dates." Nonetheless, the family court specifically found that "it is in the best interest of the children to have equal parenting time with each parent."

As relief, the family court ordered the same parenting plan as it had previously set forth in its July 8, 2025, order, thus, increasing Father's parenting time, and granting Mother one week of "vacation time" during the summer, as well as making other changes to the previous parenting plan. It is from the July 8, 2025, and September 25, 2025, orders that Mother now appeals.

2

For these matters, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of Appeals of West Virginia, the Intermediate Court of Appeals shall review the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders).

On appeal, Mother asserts three assignments of error. First, Mother argues that the family court erred and abused its discretion by finding that a substantial change in circumstances had occurred that warranted a modification of the parenting plan. Second, Mother contends that the family court erred and abused its discretion by failing to analyze whether the statutory presumption of equal (50-50) custodial allocation was rebutted after it found that a substantial change in circumstances occurred. Third, Mother asserts that the family court erred and abused its discretion by modifying the parenting plan in Father's favor after finding that the parenting plan was not working as contemplated due to Father's negative behavior and thus rewarding Father.

Throughout Mother's arguments, she asserts that the family court's July 8, 2025, and September 25, 2025, orders are insufficient in that the court failed to make thorough findings of fact on the relevant issues, failed to properly apply the law to its limited findings, and failed to provide an analysis that adequately supported the court's decision. Further, Mother contends that the court was not clear as to what weight, if any, it gave to relevant evidence to support its determinations. We agree.

Modifications of parenting plans based on substantial changes in circumstances are governed by West Virginia Code § 48-9-401 (2022), which provides, in part, that,

> (a) [A] court shall modify a parenting plan order if it finds, on the basis of facts that were not known or have arisen since the entry of the prior order and were not anticipated in the prior order, that a substantial change has occurred in the circumstances of the child or of one or both parents and a modification is necessary to serve the best interests of the child.

> (b) In exceptional circumstances, a court may modify a parenting plan if it finds that the plan is not working as contemplated and in some specific way is manifestly harmful to the child, even if a substantial change of circumstances has not occurred.

3

To properly review an order of a family court, "[t]he order must be sufficient to indicate the factual and legal basis for the [family court]'s ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996). "[I]n cases where there is an absence of adequate factual findings, it is necessary to remand the matter to the lower court to state or, at a minimum, amplify its findings so that meaningful appellate review may occur." *Hicks v. Frame*, No. 25-351, 2026 WL 820826, at *2 (W. Va. Mar. 24, 2026) (memorandum decision) (quoting *Mullins* v. *Mullins*, 226 W. Va. 656, 662, 704 S.E.2d 656, 662 (2010)). In other words, courts must "show their work" by making the necessary findings of fact to support and to thoroughly explain how they reached their legal conclusions. *See In re R.M., B.M., and H.M.*, 252 W. Va. 422, 923 S.E.2d 352 (2025) (Ewing, J., and Hutchison, S.S.J., concurring).

Here, the family court's July 8, 2025, order reflects that the court found a substantial change in circumstances based on limited testimony and without providing either party the opportunity to present their respective case. Subsequently, the family court's September 25, 2025, order reflects that the court found that Father had previously met his burden of proving that a substantial change in circumstances had occurred since the 2022 parenting plan order was entered. However, the family court also found the prior parenting plan was not working as contemplated and was manifestly harmful to the children. Yet, the September 25, 2025, order contains findings that are conclusory and lacks analysis. For instance, the family court made the following findings in the September 25, 2025, order regarding the motions for reconsideration: Father used the children to continue an ongoing conflict with Mother; Father has resided in eight different residences since 2022 due to employment changes; Father currently lives in Fleming, Ohio; Father uses methods of control and manipulation; Father has been unwilling to cooperate with Mother; and Mother has controlled Father's parenting time by "allowing" him extra time with the children.

The family court's order lacks the necessary fact-finding to explain how these findings constitute a substantial change in circumstances pursuant to West Virginia Code § 48-9-401(a), and how the parenting plan is manifestly harmful to the children pursuant to West Virginia Code § 48-9-401(b). The family court simply did not include enough in its order to justify, or explain, its legal reasoning. Absent sufficient analysis on West Virginia Code §§ 48-9-401(a) or 48-9-401(b), this Court cannot determine why the family court modified the 2022 parenting plan, let alone why it *increased* Father's parenting time.

Because this Court is unable to ascertain how the court analyzed and weighed the evidence to reach its ultimate conclusion to modify the parenting plan, we must remand this case to the family court for entry of a new order that allows for meaningful appellate review. As we conclude that the family court's July 8, 2025, and September 25, 2025, orders are insufficient, we need not address the merits of Mother's other arguments on appeal.

4

Accordingly, the July 8, 2025, and September 25, 2025, orders of the Family Court of Ritchie County are hereby converted into a temporary order, and this case is remanded for the family court to hold further proceedings, if necessary, and to enter an order consistent with this decision. If the court finds on remand that a substantial change in circumstances has occurred and modification of the parenting plan is necessary, the court must then determine the allocation of custodial responsibility between the parties and determine the parenting plan pursuant to West Virginia Code §§ 48-9-102a, 48-9-209, and 48-9-401 (2022).[3] The law presumes that equal allocation of custodial responsibility is in the best interests of the children, but as that presumption is rebuttable and the parties dispute this issue, the court must conduct an analysis to determine whether Mother rebutted that presumption considering all applicable limiting factors, including those identified in West Virginia Code § 48-9-209(f); *see e.g. Dusti A. v. Jonathan A.*, No. 23-ICA-125, 2024 WL 794624, at *5 (W. Va. Ct. App. Feb. 27, 2024) (memorandum decision). Further, if the court determines that Mother has successfully rebutted the statutory presumption and that less than equal custodial allocation is in the best interests of the children, the court must make specific findings of fact and conclusions of law supporting and explaining its reasoning and construct a parenting plan that maximizes the time each parent has with the children and is consistent with ensuring the children's welfare. *See* W. Va. Code § 48-9-102a (2022); *see e.g. Jacob H. v. Siera G.*, No. 24-ICA-147, 2024 WL 4787833, at *3 (W. Va. Ct. App. Nov. 14, 2024) (memorandum decision).[4]

Vacated and Remanded with Instructions.

**ISSUED:** June 30, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

---

[3] In its September 25, 2025, order on appeal, the family court found that the parenting plan was not working as contemplated and that it was manifestly harmful to the children pursuant to West Virginia Code § 48-9-401(b) but did not make any relevant findings of fact or explain its reasoning. Nonetheless, the family court also found that it was "in the best interests of the children to have equal parenting time with each parent." If the court again finds West Virginia Code § 48-9-401(b) applicable, the court must conduct an analysis of the evidence and make specific findings of fact addressing each statutory element and explaining the court's reasoning.

[4] Upon remand, the family court may reach the same conclusion, but the new order must comply with requirements identified in this decision.